**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong (SBN 012458)
Tel: (602) 322-4004
Fax: (602) 322-4100
wdemlong@cavanaghlaw.com

Attorneys for Delaware Life
  Insurance Company

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Delaware Life Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Richard K. Radloff, as personal representative of the Estate of Ronald R. Radloff and as sole Trustee of the Ronald R. Radloff Separate Property Trust, dated August 10, 2006, and Eulalia Radloff,<br><br>        Defendants. | No.<br><br>**COMPLAINT IN INTERPLEADER** |

    Delaware Life Insurance Company ("Delaware Life"), by The Cavanagh Law Firm, its attorneys, for its Complaint in Interpleader alleges as follows:

### JURISDICTION AND VENUE

    1.      Delaware Life is an insurance company incorporated under the laws of the State of Delaware, with its principal place of business in Waltham, Massachusetts, and duly authorized to do business in Arizona. Delaware Life is a citizen of the State of Delaware and the Commonwealth of Massachusetts.

2.     This Court has jurisdiction over this matter pursuant to Rule 22, *Federal Rule of Civil Procedure* and 28 U.S.C. § 1332, in that there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.00.

3.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because the claim presented to this Court with respect to the Delaware Life annuity contract arose in this district since the claimants are citizens of the State of Arizona and the beneficiary dispute arose as a result of the death of the contract holder in Arizona.

4.     Upon information and belief, Defendant Richard K. Radloff is a citizen of the State of Arizona.

5.     Upon information and belief, Ronald R. Radloff ("Decedent")  died in Maricopa County, Arizona and the Estate of Ronald R. Radloff is being probated in the Superior Court of the State of Arizona, In and For the County of Maricopa.

6.     Upon information and belief, Defendant Eulalia Radloff is a citizen of the State of Arizona.

7.     Upon information and belief, Defendant Richard K. Radloff, son of Decedent, is the appointed personal representative of the Estate of Ronald R. Radloff and the sole trustee of the Ronald R. Radloff Separate Property Trust, dated August 10, 2006 ("Separate Trust").

8.     Upon information and belief, the Separate Trust was amended and fully restated, on or about March 15, 2017, in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

9.     On or about February 8, 1993, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") issued Regatta Gold Variable Annuity Contract number 507707700104218 ("Annuity Contract") to Decedent.  A true and correct specimen copy of the Annuity Contract is attached hereto as **Exhibit A**.  A copy of the Participant Application for the Annuity Contract is attached hereto as **Exhibit B**.

10.     In the Participant Application for the Annuity Contract, Decedent named Eulalia Radloff, his wife, as the sole beneficiary to the Annuity Contract proceeds.

11.     On or about November 17, 2006, Decedent made a beneficiary change in which Eulalia Radloff was to receive 50% of the Annuity Contract proceeds and the Ronald R. Radloff Separate Property Revocable Trust dated August 10, 2006 was to receive the remaining 50% of the Annuity Contract proceeds.  The Change of Beneficiary Addendum, attached to the Change of Beneficiary form, included the signature of Decedent and Eulalia Radloff.  A true and correct copy of the change of beneficiary documents submitted by Decedent are attached hereto as **Exhibit C**.

12.     On July 21, 2014, Sun Life changed its name to Delaware Life Insurance Company.  All terms and conditions of its issued annuity contracts remained unchanged and fully applicable.

13.     On or about March 22, 2017, Decedent executed Delaware Life's Beneficiary Change form for fixed and variable annuities ("2017 Change Form").  In this form, Decedent designated Ronald R. Radloff Separate Property Revocable Trust dated August 10, 2006, to receive 100% of the proceeds of the Annuity Contract. A true and correct copy of the 2017 Change Form is attached hereto as **Exhibit D**

14.     Decedent died on April 1, 2017.

15.     On April 12, 2017, Delaware Life received the 2017 Change Form from Decedent's financial advisor/agent.

16.     On or about April 18, 2017 Decedent's agent informed Delaware Life that Eulalia Radloff was engaging counsel to contest change of beneficiary designations so that potentially all Annuity Contract proceeds were due her.

17.     Upon information and belief, Defendant Richard K. Radloff asserts that the entire proceeds of the Annuity Contract are payable to the Ronald R. Radloff Separate Property Revocable Trust dated August 10, 2006.

18.     Delaware Life discussed with both claimants whether they could reach an agreement as to how the proceeds should be distributed but no agreement could be reached.

19.     Delaware Life has therefore been presented with competing claims to the proceeds due under the Annuity Contract.  The proceeds presently payable under the Annuity contract total $115,900.10.   As this is a variable annuity contract, the actual proceeds at distribution could fluctuate up or down.

20.     Rule 22 of the *Federal Rules of Civil Procedure* permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

21.     To the extent any defendant fails to appear or otherwise respond to this complaint upon being duly served with same, that defendant admits they have no claim or right in the Annuity Contract or to the Annuity Contract benefits.  The defendant also agrees that Delaware Life is entitled to an order discharging Delaware Life and/or its agents from any and all further liability to any person or entity with respect to the Annuity Contract referenced above and is entitled to recover its costs and attorneys' fees in bringing this action.

22.     Based upon the foregoing, there are conflicting claims for the Annuity Contract proceeds.

23.     Delaware Life is unable to determine the proper beneficiary under the Annuity Contract without the risk of multiple liability due to the defendants' competing claims.

24.     Delaware Life claims no interest in the benefits due, except recovery of reasonable fees and costs requested below.

25.     Delaware Life is entitled to an award of its attorneys' fees and costs reasonably incurred in bringing this interpleader action, payable from the proceeds to be deposited with the Court.

26.     As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person(s).

27.     Delaware Life is prepared to deposit the proceeds owed under the Annuity Contract with the Clerk of the Court for disposition to whomever the Court finds is entitled to the proceeds under the Annuity Contract.

**WHEREFORE**, Delaware Life requests judgment as follows:

(a)     For an order for leave to deposit the Annuity Contract proceeds with the Clerk of the Court;

(b)     The order of this Court pursuant to 28 U.S.C. § 2361 issuing its process to all claimants named herein above as defendants, to be addressed to the claimants named and (unless the defendants agree to waiver of service) served personally where the claimants reside or may be found, and concurrently therewith, the order of this Court restraining said defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the Annuity Contract proceeds thus to be interplead;

(c)     For an order discharging Delaware Life and/or its agents from any and all further liability to any person or entity with respect to the Annuity Contract referenced above, dismissing it from this action and awarding it its cost and attorneys' fees reasonably incurred in bringing this action, such cost and fees to be payable for the proceeds deposited with the Court; and

(d)     For such other and further relief as this Court deems just and proper.

DATED this 20th day of October, 2017.

**THE CAVANAGH LAW FIRM, P.A.**


By:   s/William M. Demlong
      William M. Demlong
      1850 North Central Avenue, Suite 2400
      Phoenix, Arizona  85004
      Attorneys for Delaware Life
       Insurance Company